## FAILURE OF CONSIDERATION IN PURCHASE OF A PATENT.

Circuit Court of Cuyahoga County.

W. C. SUNDERLAND v. AMOS BARNES.

Decided, November 11, 1912.

*Contracts—When Action to Recover Purchase Price for Patent Not Maintainable.*

That a patent has no practical or beneficial use, is a defense to an action on a contract for the purchase price of such patent, as it amounts to a failure of consideration.

*Ammerman & Thompson,* for plaintiff in error.

. *Bentley, McCrystal, Biggs & Staiger,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This was an action for money due on a contract for the purchase of a patent. The defendant admitted the execution of the contract, but set up three defenses to the action against him:

*First.* That the contract was incorrectly read to him before he signed it, and that its written terms were different from what he was thereby led to believe them to be.

A copy of the contract was delivered to him; he had it in his possession and read it some two months after its date, but never offered to return the patent and have the contract canceled on this account for some two years, meanwhile continuing to make payments as stipulated in the contract.

There was no merit in this defense.

*Second.* That he was induced to enter into the contract through fraud and misrepresentation as to the merits, salability and use that had been made of the patented article.

This defense, also, was unavailable, by reason of the defendant's laches.

*Third.* That the patent had no practical or beneficial use: in other words, that there had been a total failure of consideration.

The law applicable to this defense is found in the cases of *Daust* v. *Brockway,* 11 Ohio, 462, and *Tod* v. *Wick Brothers & Co.,* 36 O. S., 370, from which we gather that:

"If the patent is valid, any interest in it, without regard to the degree of its utility, or its pecuniary value, constitutes a sufficient consideration for a promissory note" or other contract. Also: "If capable of being applied to some practical or beneficial use, and it is not frivolous or injurious to the well being or morals of society, it is a valid patent, although other similar machines may be of greater utility."

The patent here involved was for a railway rail-joint. It had been regularly issued by the patent office, but the defendant introduced witnesses who testified that it had no practical or beneficial use.

Samuel Rockwell, chief engineer of the Lake Shore Railroad, on page 45 of the record, states, "I do not consider it practical," and then he goes on to give his reasons for his opinion, which seem sensible and to sustain his opinion.

R. C. Newcomer, a division engineer of the Pennsylvania Company, located at Cleveland, was a witness for the defendant, and testified, on page 59 of the record, as follows:

"Q. Will you state in your opinion whether these two wedges at the bottom in there are of any beneficial use? A. I would say from the model, no, and from the full sized bar to look at it, more so.

"Q. I call your attention now to an 85 or 95 pound joint. Will you state whether the wedges in this full sized joint add any beneficial use to a rail splice or rail joint? A. No, sir, they do not."

The patent was for a combination, the wedges referred to being the only new thing in the combination not found in other rail joints in use.

Cross-examination of these two witnesses tended to show that other rail joints were in use containing a less or greater number of parts, or the same number of parts, some of them differing substantially from the parts of the patent here involved, but these witnesses did not depart from their opinions that this rail joint had no practical or beneficial use; indeed they seemed to have the impression that the wedge referred to was a bad thing and made this rail joint an improper one to use.

With this evidence before the jury, the trial judge directed a verdict for the plaintiff.

In this we think he erred; the evidence of the witnesses referred to tended to show that the patent was valueless, not merely that it was of less utility than other devices on the market. If valueless, the defendant was under no necessity of tendering it back, before making this defense.

The plaintiff should have been required to meet the evidence of the witnesses Rockwell and Newcomer, with some testimony that the patent had some practical and beneficial use, for their evidence needed contradiction before it could be said that defendant had failed to establish their defense.

For error in directing a verdict for the plaintiff below, the judgment is reversed and the cause remanded for further proceedings.